United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| CH OFFSHORE, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-219 |
| | § | |
| MEXISHIP OCEAN CCC S.A. DE | § | |
| C.V., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| VANTAGE BANK TEXAS, | § | |
| | § | |
| Garnishee. | § | |

## ORDER

Pending before the Court are Non-Party, Mexiship Ocean CCC, LLC's

Motion to Vacate Writs of Maritime Garnishment (Document No. 32), and Plaintiff

CH Offshore, Ltd.'s Motion to Strike Submissions (Document No. 67). Having

considered the motion, submissions, and applicable law, the Court determines that

Non-Party Mexiship Ocean CCC, LLC's motion should be granted, and Plaintiff CH

Offshore, Ltd.'s motion should be denied.

## I. BACKGROUND

This is a maritime law case. Plaintiff CH Offshore, Ltd. ("CH Offshore"), a

Singapore company specializing in the supply of offshore vessels used in the marine

oil and gas industry, agreed to charter an offshore supply ship ("the Vessel") to Defendant, Mexiship Ocean CCC S.A. DE C.V. ("Mexiship Ocean"), a marine oil and gas company based in Mexico, for a period of eighteen months. CH Offshore contends that Mexiship violated the parties charter agreement and retained the Vessel after the contractual period had expired. CH Offshore and Mexiship Ocean participated in arbitration proceedings in Singapore, in which CH Offshore received an arbitration award entitling them to recover monetarily against Mexiship Ocean.

Based on the foregoing, on January 19, 2024, CH Offshore filed suit in this Court based on federal question jurisdiction pursuant to maritime law, seeking garnishment from Mexiship Ocean's U.S. affiliate company, Mexiship Ocean CCC, LLC ("Mexiship Texas"), who maintains a bank account at Vantage Bank Texas in McAllen, Texas. On January 23, 2024, the Court granted CH Offshore's motion for a writ of garnishment against Vantage Bank Texas. On March 13, 2024, a non-party to this case, Mexiship Texas, filed a motion pursuant to Supplemental Admiralty Rule E(8) to vacate the writ of garnishment placed upon Vantage Bank Texas by the Court. On April 2, 2024, the Court held a motion hearing, and subsequently deferred ruling on Mexiship Texas's motion until after the completion of Court ordered limited discovery.

## II. STANDARD OF REVIEW

Under maritime law, the Federal Rules of Civil Procedure permit a court to exercise quasi in rem jurisdiction via an order of maritime attachment. Fed. R. Civ.

P. Adm. Supp. R. B(1)(a). "Maritime attachment serves both to obtain jurisdiction over a defendant through its property and to assure satisfaction of the claim." *K Invs., Inc. v. B-Gas Ltd.*, 2022 U.S. App. LEXIS 8423 at \*2 (5th Cir. 2022). "Appellate courts have made clear that an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Garner Smith Pty Ltd.*, 460 F.3d 434, 445 (2nd Cir. 2006). Thus, "if, at any point, a plaintiff in a maritime attachment case ceases to be able to satisfy the requirements of Rule B, a district court may - and indeed should - revisit and vacate any orders of attachment." *Sinoying Logistics PTE Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010)(emphasis in original).

## III. LAW & ANALYSIS

Mexiship Texas contends that CH Offshore cannot meet its burden to show that Mexiship Ocean's property is found within this district. Mexiship Texas further contends that the contents of the Vantage Bank Texas account currently under garnishment belongs to Mexiship Texas, not Mexiship Ocean. Mexiship Texas argues that it is an all together separate entity from Mexiship Ocean, and is not in possession of any goods, chattel, credits or effects, of Mexiship Ocean.

In response to Mexiship Texas's motion to vacate, CH Offshore filed a proposed order with the Court after the limited discovery period expired, stating that

3

the Court should allow leave to amend its complaint to "plead applicable Texas garnishment law as an alternative basis for the continued garnishment of the attached funds."[1] CH Offshore contends that "at this stage, [it] only has to plead a plausible case that the monies at issue are properly garnishable under some legal theory, with some legal basis for the attachment to be issued."[2] In response, Mexiship Texas contends that CH Offshore's mere filing of a proposed order is insufficient and note that CH Offshore has not filed a motion for leave to file a third amended complaint or argued any good cause reason to justify any further amendment of the complaint at this time. Based on the foregoing, the Court determines that CH Offshore's has not demonstrated good cause such to warrant leave to file a third amended complaint. Thus, the Court will now consider the merits of Mexiship Texas's motion to vacate the writ of garnishment.

The central issue now before the Court is whether CH Offshore has met its burden to satisfy the requirements of Rule B, by showing that the Defendant's property resides within the district. Mexiship Texas contends that CH Offshore has conceded it has no case under Rule B, noting for the Court CH Offshore's proposed order in which they state that "the forthcoming amended complaint … will omit Rule

---

[1] *Plaintiff's Proposed Order*, Document No. 65 at 2.

[2] *Plaintiff's Motion to Strike Objections and Response to Plaintiff's Proposed Order Denying Motion to Vacate*, Document No. 67 at 5.

4

B as the basis for garnishment.").[3] The Court's independent review of the record shows no evidence to support the premise that Mexiship Texas maintains any of Mexiship Ocean's property within the State of Texas, let alone in an account at Vantage Bank Texas. Thus, because CH Offshore has not met their burden in demonstrating that Mexiship Ocean's property is presently in the district, the Court determines that vacating the writ of garnishment against Vantage Bank Texas is appropriate in the present matter. Additionally, based on strong circuit precedent regarding maritime attachment law, the Court finds no other basis to wield jurisdiction over the defendant in this matter.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Non-Party, Mexiship Ocean CCC, LLC's Motion to Vacate Writs of Maritime Garnishment (Document No. 32) is **GRANTED**. The Court further

**ORDERS** that Plaintiff CH Offshore, Ltd.'s Motion to Strike Mexiship Texas's Submissions (Document No. 67) is **DENIED**.

**THIS IS A FINAL JUDGMENT.**

---

[3] *Plaintiff's Proposed Order*, Document No. 65 at 32.

SIGNED at Houston, Texas, on this **22** day of November, 2024.

DAVID HITTNER
United States District Judge